IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY ACCURSO # 28981-011 ) | |
| FCI SEAGOVILLE ) | |
| P.O. BOX 9000 ) | |
| SEAGOVILLE, TX 75159, ) | |
| ) | |
| v.  ) | No. 1:17-cv-2626 |
| ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| 320 FIRST ST. N.W. ) | |
| WASHINGTON, D.C. 20534. ) | |

## ORIGINAL COMPLAINT

## I.    Introduction

1.    This suit is brought pursuant to the Religious Freedom

Restoration Act ("RFRA"), which prohibits the federal government from

substantially burdening a person's sincere exercise of religion unless

that burden is supported by a compelling governmental interest and

applied through the least restrictive means. 42 U.S.C. § 2000bb, *et seq*.

2.    Plaintiff Anthony Accurso ("Accurso") is a practicing Buddhist.

Accurso alleges that the Federal Bureau of Prisons' ("BOP") national

policy or practice of prohibiting inmate possession of zafus and zabutons

in inmate living areas violates RFRA. Additionally, Accurso alleges that

BOP's refusal to treat zafus or zabutons as authorized inmate personal

property violates RFRA. Accurso also asserts that the BOP's failure to provide continuity of religious practice while an inmate is in transit from one institution to another violates RFRA.

## II.  Parties

3.     Anthony Accurso is an inmate incarcerated in federal prison. His federal register number is # 28981-011. His mailing address is FCI Seagoville, P.O. BOX 9000, Seagoville, Texas 75159.

4.     Defendant Federal Bureau of Prisons is a federal agency. Its mailing address is 320 First St. N.W., Washington, DC 20534.

## III.  Jurisdiction

5.     This Court has jurisdiction over Accurso's RFRA claims under 28 U.S.C. § 1331.

## IV.  Statement of Facts

6.     Accurso is a practicing Buddhist who is incarcerated in federal prison. Accurso sincerely believes, consistent with his Buddhist faith, that he must meditate multiple times each day.

7.     For example, Accurso sincerely believes that he must meditate each day between 4 am and 6 am and 9pm and midnight ("meditation times").

8.      Accurso uses a "zafu" and a "zabuton" to meditate.

9.      A zafu is a small meditation cushion.



10.     Figure 1 is an example of a zafu.

11.     A zabuton is a meditation mat.

12.     Figure 2 is an example of a zabuton.

13.     A zafu and zabuton will fit inside an inmate's



personal property locker.

14.     Shakyamuni Buddha is said to have told his

followers, "In a quiet, solitary place, on a comfortable meditation mat

and cushion, you should sit in the proper meditation position, your back

erect, maintaining the correct position of the body and engage in the

practice of Samadhi."

15.     BOP recognizes the religious importance of the zafu and zabuton

in Buddhism. Indeed, the BOP makes zafus and zabutons available to

inmates in BOP chapels for inmate use because of this.

16.     However, BOP chapels are not always available to inmates. And

BOP chapels are not open during the meditation times when Accurso

sincerely believes he should meditate.

17.    BOP policy and/or practice does not permit inmates to purchase and/or possess a zafu or zabuton in inmate living areas.

18.    Federal inmates are also not allowed to transfer from institution to institution with a zafu or zabuton. *See*, Program Statement 5580.08, <u>Inmate Personal Property</u>, Attachment A ("Approved Religious Items Items authorized in 'Manual on Inmate Beliefs and Practices' and 'Transferrable Religious Property,' posted on Chaplaincy Services Branch Sallyport page").

19.    Because faith practices do not always correspond with when BOP chapels are open, BOP permits inmates to possess some religious articles in inmate living areas.

20.    For instance, the BOP allows Muslim inmates to possess a prayer rug in inmate living areas and transfer with same to other institutions.

21.    However, when a federal inmate is in "holdover" status due to an institution transfer, the BOP does not permit the personal possession of inmate religious articles—except for religious headgear.

22.    The inability of federal inmates, like Accurso, to possess or otherwise access religious articles such as the zafu or zabuton while

transferring to another institution substantially burdens the sincere exercise of religion.

23.    Additionally, upon arrival at a new institution an inmate is not immediately provided with his or her personal religious property that was transferred from the prior institution.

24.    While the BOP does not authorize the use of zafus or zabutons in inmate livings areas, nor treat same as authorized inmate religious property—even if it did, the BOP, in violation of RFRA, would not provide an inmate with temporary access to a zafu and zabuton for use in inmate living areas while the inmate waits for receipt of his or her personal religious property that was transferred from the other institution.

25.    The BOP's policy or practice or prohibiting the personal purchase, possession and use of zafus and zabutons in inmate living areas is not supported by a compelling governmental interest.

26.    The BOP issues each federal inmate a mattress and pillow to sleep on. BOP is able to appropriately manage inmate use of mattresses and pillows in inmate living areas, consistent with the security and good orderly running of its institutions. Given same, BOP cannot credibly

assert that it cannot similarly manage inmate use of zafus and zabutons in inmate living areas.

27.   The BOP allows inmates to personally purchase, possess and use other religious articles in inmate living areas (e.g., prayer rugs, prayer shawls, etc…) without incident.

28.   In addition, the BOP has—and continues to allow—personal purchase and possession of Master Locks and other items in inmate living areas that are far more prone to abuse than a zafu or zabuton. Nevertheless, BOP is able to control the risks associated with personal inmate possession and use of said items consistent with the security and good orderly running of its institutions. It can also do the same with zafus and zabutons.

29.   Moreover, BOP's outright refusal to permit personal possession and use of zafus and zabutons in inmate living areas during times when the chapel is closed does not constitute the least restrictive means under RFRA.

30.   As an alternative to an outright ban on inmate possession and use of zafus and zabutons in inmate living areas, the BOP could require Accurso to keep his personally purchased zafu and zabuton in a locker

in the unit correctional officer's office. Whenever Accurso needs to use his zafu or zabuton, he could "check out" the zafu and zaubton from the correctional officer and return same in like manner when finished meditating.

31.    The BOP could also allow Accurso to check out, and maintain in his personal property locker, a zafu or zabuton that is provided by the institution chapel.

32.    The BOP already uses a similar "check out" process for board games, irons, and other items that are maintained in unit correctional officer offices. An inmate desiring to use a iron, for example, may provide his or her inmate identification card to the unit officer. Once finished with the iron, the inmate must return same to the correctional officer who will then provide the inmate with his identification card back. An iron, which has the capability to be employed as a hot weapon, is much more dangerous than a zafu or zabuton.

33.    The BOP's policy or practice of not permitting the transfer of zafus or zabutons as authorized inmate personal property also violates RFRA. There is no compelling governmental interest in prohibiting the purchase and transfer of said items since BOP allows other religious

property to transfer with inmates from institution to institution. In addition, BOP's outright ban on the transfer of personal zafus or zabutons is not the least restrictive means under RFRA.

34.    Finally, BOP's failure to provide continuity of religious accommodation to inmates while in transit from one BOP institution to another violates RFRA. BOP's obligations under RFRA apply to "all Federal law, and the implementation of that law, whether statutory or otherwise." 42 U.S.C. § 2000bb-3(a). Just as BOP must ensure that Accurso has access to a zafu and zabuton when not in transit when the chapel is closed, so too must BOP ensure that Accurso may use a zafu or zabuton during his meditation times while transferring to another institution.

35.    Similarly, RFRA demands a similar accommodation during the lag period when Accurso arrives at another institution and is forced to await receipt of his personal religious property (assuming BOP decides or is ordered to permit the personal purchase and possession of zafus and zabutons).

**Count One**

36.    Paragraphs 1-35 are hereby reincorporated as fully set forth herein.

37.    BOP's policy or practice of prohibiting the personal purchase and possession of zafus and zabutons by inmates violates RFRA.

**Count Two**

38.    Paragraphs 1-35 are hereby reincorporated as fully set forth herein.

39.    BOP's policy or practice of not treating zafus and zabutons as authorized personal property that may transfer with an inmate from BOP institution to institution violates RFRA.

**Count Three**

40.    Paragraphs 1-35 are hereby reincorporated as fully set forth herein.

41.    BOP's policy or practice or prohibiting Accurso from using a zafu and zabuton during his meditation times when the chapel is closed violates RFRA.

**Count Four**

42.    Paragraphs 1-35 are hereby reincorporated as fully set forth herein.

43.    BOP's policy or practice of not providing Accurso with use of a zafu or zabuton while transferring between BOP institutions violates RFRA.

**Count Five**

44.    Paragraphs 1-35 are hereby reincorporated as fully set forth herein.

45.    BOP's policy or practice of not providing Accurso with use of a zafu or zabuton during the lag period when Accurso arrives at another institution and is forced to await receipt of his personal religious property (assuming BOP decides or is ordered to permit the personal purchase and possession of zafus and zabutons) violates RFRA.

**Relief Requested**

46.    Accurso requests the following injunctive relief:

(a) An order requiring the BOP to allow Accurso to purchase, maintain, and use a zafu and zabuton in his inmate living area—

regardless of BOP institution—during his meditation times when the BOP is chapel is closed;

(b)    An order directing the BOP to permit Accurso to transfer from BOP institution to institution with a personally purchased zafu and zabuton;

(c)    An order requiring the BOP to make a zafu and zabuton available to Accurso when in transit from one BOP to institution to another, and upon arrival at his newly designated institution until Accurso is provided his personal zafu and zabuton from his personal religious property (assuming BOP decides or is ordered to permit the personal purchase and possession of zafus and zabutons);

47.    Accurso requests a declaratory judgment that BOP's actions, as described in Counts One to Five, violate RFRA.

48.    Accurso requests his costs and attorney's fees.

49.    Finally, Accurso urges the Court to grant him any and all other relief the Court deems just and fit.

Respectfully submitted,

/s/Brandon Sample
Brandon Sample
Brandon Sample PLC
Bar ID: TX0144
P.O. BOX 250
Rutland, VT 05702
Tel: 802-444-4357
E-mail: Brandon@brandonsample.com
https://brandonsample.com/
https://sentencing.net

*Counsel Anthony Accurso*